UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ARTIST PUBLISHING GROUP, LLC d/b/a APG, a Delaware Limited Liability Company; FIRST-N-GOLD PUBLISHING, INC., a Florida Corporation; KASZ MONEY, INC., a New York Corporation; KMA ASSETS I LP, a Delaware Limited Partnership; KOBALT MUSIC PUBLISHING AMERICA, INC. d/b/a KMPA, a Delaware Corporation; MXM MUSIC AB d/b/a MXM, a Swedish Limited Liability Company; and PRESCRIPTION SONGS, LLC, a California Limited Liability Company,<br><br>    Plaintiffs,<br><br>    v.<br><br>SAN ANTONIO SPURS, LLC, a Texas Limited Liability Company; and DOES 1-10, inclusive,<br><br>    Defendants. | Case No: 1:24-cv-05466-JHR<br><br>**ANSWER TO COMPLAINT** |

## **ANSWER TO COMPLAINT**

Defendant San Antonio Spurs, LLC (the "San Antonio Spurs" or the "Team"), by and through its undersigned attorneys, answers the Complaint of Plaintiffs Artist Publishing Group, LLC (d/b/a "APG"), a Delaware Limited Liability Company; First-N-Gold Publishing, Inc., a Florida Corporation; Kasz Money, Inc., a New York Corporation; KMA Assets I LP, a Delaware Limited Partnership; Kobalt Music Publishing America, Inc. (d/b/a "KMPA"), a Delaware Corporation; MXM Music AB (d/b/a "MXM"), a Swedish Limited Liability Company; and Prescription Songs, LLC, a California Limited Liability Company (collectively, "Plaintiffs"), dated July 19, 2024 [Dkt. 4] (the "Complaint") as follows:

### **NATURE OF THE ACTION**

1.    The allegations set forth in paragraph 1 of the Complaint characterize the Plaintiffs'

1

Complaint, which speaks for itself. To the extent any allegations in this paragraph allege wrongdoing by the San Antonio Spurs, such allegations are expressly denied.

## **PLAINTIFF** [sic]

2. The San Antonio Spurs lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 2 of the Complaint, and on that basis deny those allegations.

3. The San Antonio Spurs lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 3 of the Complaint, and on that basis deny those allegations.

4. The San Antonio Spurs lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 4 of the Complaint, and on that basis deny those allegations.

5. The San Antonio Spurs lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 5 of the Complaint, and on that basis deny those allegations.

6. The San Antonio Spurs lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 6 of the Complaint, and on that basis deny those allegations.

7. The San Antonio Spurs lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 7 of the Complaint, and on that basis deny those allegations.

8. The San Antonio Spurs lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 8 of the Complaint, and on that basis deny

those allegations.

## DEFENDANTS

9. The San Antonio Spurs admit that they are a Texas Limited Liability Company with their principal place of business in San Antonio, Texas.

10. Plaintiffs' allegation that they "will seek leave to amend this complaint to allege the true names and capacities of these Defendants when the same have been ascertained" is not a proper factual allegation and does not require a response. With respect to the remaining allegations in paragraph 10, the San Antonio Spurs lack knowledge or information sufficient to form a belief about the truth of the allegations set forth therein, and on that basis deny those allegations.

11. The San Antonio Spurs deny the allegations set forth in paragraph 11 of the Complaint.

## JURISDICTION AND VENUE

12. Paragraph 12 of the Complaint contains legal conclusions to which no response is required.

13. The allegations in paragraph 13 of the Complaint regarding the conclusion that there is personal jurisdiction over Defendants state a legal conclusion to which no response is required. With respect to the allegations in paragraph 13 regarding the "home of all Plaintiffs' exclusive agent for the licensing of their copyrights," the San Antonio Spurs lack knowledge or information sufficient to form a belief about the truth of those allegations and on that basis deny the same. Similarly, with respect to the allegations in paragraph 13 pertaining to parties other than the San Antonio Spurs, the San Antonio Spurs lack knowledge or information sufficient to form a belief about the truth of those allegations and on that basis deny the same. The San Antonio Spurs deny the remaining allegations in paragraph 13 to the extent they pertain to the Team, and

specifically deny the allegation of any wrongdoing or injury to Plaintiffs.

14. The allegations in paragraph 14 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, the San Antonio Spurs deny such allegations, especially as it pertains to any alleged injury to Plaintiffs.

**ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

15. The San Antonio Spurs lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 15 of the Complaint, and on that basis deny those allegations.

16. The San Antonio Spurs lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 16 of the Complaint, and on that basis deny those allegations.

17. The San Antonio Spurs admit that they own the National Basketball Association ("NBA") team known as the San Antonio Spurs. The San Antonio Spurs lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 17 of the Complaint regarding whether they "operate" the NBA team known as the San Antonio Spurs because they engage natural persons to operate the company and, on that basis, deny those allegations.[1]

18. The San Antonio Spurs admit that they administer accounts with Facebook, Instagram, X, and YouTube, and that there is a page on the NBA.com website dedicated to the San Antonio Spurs, which contains content relating to news, promotional videos, highlights, links to purchase merchandise using the San Antonio Spurs' brand, and game tickets. The San Antonio

---

[1] Plaintiffs' footnote no. 1 does not contain a factual allegation and therefore does not require a response.

Spurs deny all remaining allegations in paragraph 18 of the Complaint.[2]

19.     The San Antonio Spurs admit that they own numerous active United States trademark registrations and copyright registrations and that, when appropriate, they enforce their rights. The San Antonio Spurs deny all remaining allegations as stated in paragraph 19 of the Complaint.

20.     The allegation in paragraph 20 of the Complaint that "Defendants did not obtain Plaintiffs' license, authorization, or consent to synchronize the Works with the Videos" calls for a legal conclusion to which no response is required. The San Antonio Spurs lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 20, and on that basis deny those allegations. The San Antonio Spurs specifically deny any alleged wrongdoing.

**FIRST CAUSE OF ACTION**
**DIRECT COPYRIGHT INFRINGEMENT**
**(Against all Defendants)**

21.     The San Antonio Spurs incorporate by reference their responses to paragraphs 1-20 above, as if fully set forth here.

22.     The San Antonio Spurs deny the allegations in paragraph 22 of the Complaint.

23.     The San Antonio Spurs deny the allegations in paragraph 23 of the Complaint.

24.     The San Antonio Spurs deny the allegations in paragraph 24 of the Complaint.

25.     The San Antonio Spurs deny the allegations in paragraph 25 of the Complaint.

26.     The San Antonio Spurs deny the allegations in paragraph 26 of the Complaint.

27.     The San Antonio Spurs deny the allegations in paragraph 27 of the Complaint.

28.     The San Antonio Spurs deny the allegations in paragraph 28 of the Complaint.

---

[2] Plaintiffs' footnote no. 2 does not contain a factual allegation and therefore does not require a response.

## SECOND CAUSE OF ACTION
### CONTRIBUTORY COPYRIGHT INFRINGEMENT
**(Against all Defendants)**

29. The San Antonio Spurs incorporate by reference their responses to paragraphs 1-28 above, as if fully set forth here.

30. The San Antonio Spurs deny the allegations in paragraph 30 of the Complaint.

31. The San Antonio Spurs deny the allegations in paragraph 31 of the Complaint.

32. The San Antonio Spurs deny the allegations in paragraph 32 of the Complaint.

33. The San Antonio Spurs deny the allegations in paragraph 33 of the Complaint.

34. The San Antonio Spurs deny the allegations in paragraph 34 of the Complaint.

## THIRD CAUSE OF ACTION
### VICARIOUS COPYRIGHT INFRINGEMENT
**(Against all Defendants)**

35. The San Antonio Spurs incorporate by reference their responses to paragraphs 1-34 above, as if fully set forth here.

36. The San Antonio Spurs deny the allegations in paragraph 36 of the Complaint.

37. The San Antonio Spurs deny the allegations in paragraph 37 of the Complaint.

38. The San Antonio Spurs deny the allegations in paragraph 38 of the Complaint.

39. The San Antonio Spurs deny the allegations in paragraph 39 of the Complaint.

40. The San Antonio Spurs deny the allegations in paragraph 40 of the Complaint.

## PRAYER FOR RELIEF

41. WHEREFORE, the San Antonio Spurs deny that any of the Plaintiffs are entitled to any relief whatsoever, including damages—either actual, with disgorgement, or statutory, including any injunctive or other equitable relief, attorneys' fees and costs, and all other forms of relief sought under each claim in the "WHEREFORE" section of the Complaint.

## AFFIRMATIVE DEFENSES

42. Without assuming the burden of proof on any matters where that burden rests on Plaintiffs, the San Antonio Spurs assert the following separate defenses to the Complaint:

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Cause of Action)

43. Plaintiffs' causes of action are barred, in whole or in part, for failure to state a cause of action upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Statute of Limitations, 17 U.S.C. § 507)

44. Plaintiffs' causes of action are barred, in whole or in part, by the relevant statute of limitations because the Complaint was filed more than three years "after the claim accrued." 17 U.S.C. § 507.

45. A cause of action ordinarily accrues when a plaintiff has a complete and present cause of action. In other words, the limitations period generally begins to run at the point when the plaintiff can file suit and obtain relief. A copyright cause of action thus arises or accrues when an infringing act occurs. *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U. S. 663, 670 (2014). This standard principle of law and statutory interpretation is called the "injury rule." Under the injury rule, Plaintiffs' causes of action are barred, in whole or in part, because the uses of music for which they complain occurred more than three years prior to the filing of the Complaint. There is no reason in law or fact to deviate from the injury rule in this case. *See Warner Chappell Music, Inc. v. Nealy*, 601 U.S. 366 (2024) (Gorsuch, J., dissenting).

46. Even if a different rule (*e.g.*, the "discovery rule") were applied, Plaintiffs' causes of action would be barred, in whole or in part, because Plaintiffs either knew or should have known about the allegedly infringing uses more than three years prior to the filing of the Complaint.

Plaintiffs, through their agents, first gave notice that they were aware of accused uses of music on April 23, 2021 (the "First Notice Date"), which is more than three years prior to the original filing of the Complaint on July 18, 2024.

47. Subsequently, it has been revealed that Plaintiffs, through their agents, employed software programs to search the Internet for uses of music, and those programs created a database of accused uses (the "Archive"). On information and belief, the Archive identified uses which are the subject of this Complaint long before the First Notice Date. Despite numerous requests, Plaintiffs have refused to produce the Archive, or respond to queries about the date of creation of the Archive, when Plaintiffs and/or their agents first became aware of these alleged infringements, or when Plaintiffs engaged agents and/or software programs to search for potential infringements. Nonetheless, because Plaintiffs, through their agents, had all of the information necessary to file suit and obtain relief more than three years prior to the filing of the Complaint, their causes of action are barred, in whole or in part, by the statute of limitations.

### THIRD AFFIRMATIVE DEFENSE
(Copyright Misuse)

48. Plaintiffs' causes of action are barred, in whole or in part, because they engaged in copyright misuse. Among other things, Plaintiffs attempted to leverage their copyright registrations along with threats of attorneys' fees in order to extort from the Team disproportionate payments for allegedly infringing uses. At the same time, Plaintiffs refused to provide the San Antonio Spurs with the data revealing the totality of the music the Team allegedly infringed.

### FOURTH AFFIRMATIVE DEFENSE
(Implied License)

49. Plaintiffs' causes of action are barred, in whole or in part, because the San Antonio Spurs possessed an express and/or implied license to use Plaintiffs' alleged copyrighted works.

### FIFTH AFFIRMATIVE DEFENSE
### (Fair Use, 17 U.S.C. § 107)

50. Plaintiffs' causes of action are barred, in whole or in part, because any use the San Antonio Spurs made of Plaintiffs' copyrighted work was a fair use.

### SIXTH AFFIRMATIVE DEFENSE
### (First Amendment)

51. Plaintiffs' causes of action are barred, in whole or in part, because the San Antonio Spurs' alleged conduct is protected by the First Amendment of the United States Constitution and applicable state constitutions.

### SEVENTH AFFIRMATIVE DEFENSE
### (Acquiescence)

52. Plaintiffs' causes of action are barred, in whole or in part, by the doctrine of acquiescence.

### EIGHTH AFFIRMATIVE DEFENSE
### (Waiver and Estoppel)

53. Plaintiffs' causes of action are barred, in whole or in part, by the doctrines of waiver and estoppel.

### NINTH AFFIRMATIVE DEFENSE
### (Laches)

54. Plaintiffs' claims for equitable relief are barred, in whole or in part, by the doctrine of laches.

55. The San Antonio Spurs reserve the right to add, alter, and/or amend their Answer and their defenses as may later become available and apparent to them, and to withdraw any defenses that they determine to be inapplicable.

Date:   New York, New York
        October 15, 2024

Respectfully submitted,

**BARNES & THORNBURG LLP**

By:    */s/ David S. Slovick*
       David S. Slovick
       New York Bar No. 5337811
       390 Madison Avenue, 12th Floor
       New York, New York 10017
       Telephone: (646) 746-2000
       Facsimile: (646) 746-2001
       Email: David.Slovick@btlaw.com

- and -

Anna Kalinina *(admission pro hac vice pending)*
Texas Bar No. 24092605
2121 N. Pearl Street, Suite 700
Dallas, TX 75201-2469
Telephone: (214) 258-4200
Facsimile: (214) 258-4199
Email: Anna.Kalinina@btlaw.com

***Counsel for Defendant San Antonio Spurs, LLC***

## CERTIFICATE OF SERVICE

Undersigned counsel hereby certifies that on this 15th day of October, 2024, the foregoing pleading was served upon all counsel of record via the Court's CM/ECF system.

       */s/ David S. Slovick*
       David S. Slovick