

390 Madison Avenue, FL 12
New York, NY 10017-25099 U.S.A.
(646) 746-2000
Fax (646) 746-2001

www.btlaw.com

David Slovick
Partner
646.746.2019
dslovick@btlaw.com

February 3, 2025

**<u>VIA ECF</u>**
Honorable Barbara Moses
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

      RE:    *Artist Publishing Group, LLC, et al. v. Cavaliers Operating Company, LLC, et al.* – No. 24-cv-05454 (ER) (BCM)
*Artist Publishing Group, LLC, et al. v. The Denver Nuggets Limited Partnership, et al.* – No. 24-cv-05455 (JAV) (BCM)
*Artist Publishing Group, LLC, et al. v. Pacers Basketball, LLC, et al.* – No. 24-cv-05456 (AKH) (BCM)
*Artist Publishing Group, LLC, et al. v. Miami Heat Limited Partnership, et al.* – No. 24-cv-05457 (JGK) (BCM)
*Artist Publishing Group, LLC, et al. v. Minnesota Timberwolves Basketball Limited Partnership, et al.* – No. 24-cv-05458 (VM) (BCM)
*Artist Publishing Group, LLC, et al. v. New Orleans Pelicans NBA, LLC, et al.* – No. 24-cv-05459 (JAV) (BCM)
*Artist Publishing Group, LLC, et al. v. New York Knicks, LLC, et al.* – No. 24-cv-05460 (LJL) (BCM)
*Artist Publishing Group, LLC, et al. v. Philadelphia 76ers, L.P., et al.* – No. 24-cv-05462 (GHW) (BCM)
*Artist Publishing Group, LLC, et al. v. Suns Legacy Partners, L.L.C, et al.* – No. 24-cv-05463 (JLR) (BCM)
*Artist Publishing Group, LLC, et al. v. Trail Blazers, Inc., et al.* – No. 24-cv-05464 (JGK) (BCM)
*Artist Publishing Group, LLC, et al. v. Sacramento Kings Limited Partnership, et al.* – No. 24-cv-05465 (GHW) (BCM)
*Artist Publishing Group, LLC, et al. v. San Antonio Spurs, L.L.C., et al.* – No. 24-cv-05466 (JHR) (BCM)
**<u>Coordinated Pre-Conference Statement</u>**

Atlanta  Boston  California  Chicago  Delaware  Indiana  Michigan  Minneapolis  Nashville  New Jersey
New York  Ohio  Philadelphia  Raleigh  Salt Lake City  South Florida  Texas  Washington, D.C.

February 3, 2025
Page 2

Dear Judge Moses:

Pursuant to the Court's January 24, 2025 Order in the above-referenced cases (the "Consolidated Cases"), the parties hereby submit this Coordinated Pre-Conference Statement in advance of the Court's Rule 16 conference:

1. **Date of Conference and Appearances**

The Rule 16 conference is currently set for **February 10, 2025 at 10:00 a.m.**, in Courtroom 20A, 500 Pearl Street, New York, New York. The following counsel will appear at the conference:

| | |
|---|---|
| JOHNSON & JOHNSON LLP<br>Douglas L. Johnson<br>Frank R. Trechsel<br>439 N. Canon Dr. Suite 200<br>Beverly Hills, California 90210<br>Telephone: (310) 975-1080<br>Facsimile: (310) 975-1095<br>djohnson@jjllplaw.com<br>ftrechsel@jjllplaw.com<br><br>*Counsel for Plaintiffs* | BARNES & THORNBURG LLP<br>David S. Slovick<br>390 Madison Avenue, 12th Floor<br>New York, New York 10017<br>Telephone: (646) 746-2000<br>Facsimile: (646) 746-2001<br>David.Slovick@btlaw.com<br><br>*Counsel for Defendants* |

Plaintiffs respectfully request the conference be held via video-conference or telephonically to accommodate Plaintiffs' counsels' location and schedules.

2. **Nature of the Case**

    A. **Plaintiffs' Statement**

These cases involve the alleged infringing exploitation of copyrighted music owned and administered by Plaintiffs (the "Subject Works") by Defendants. Plaintiffs allege that the liability issues in these cases involve Plaintiffs' ownership of the rights in the allegedly infringed works, Defendants' access to said works, Plaintiffs' discovery of Defendants' alleged infringements, and Defendants' exploitation of those works. Plaintiffs claim actual damages consisting of their lost profits caused by Defendants' allegedly infringing conduct, and Defendants' profits earned from said conduct. For certain works registered with the United States copyright office prior to Defendants' infringing conduct, Plaintiffs intend to pursue statutory damages and attorney's fees available pursuant to 17 U.S.C. § 504.

    B. **Defendants' Statement**

Defendants deny Plaintiffs' allegations and have asserted numerous affirmative defenses, including that Plaintiffs' claims are barred by the applicable statute of limitations because the Complaints in each of the Consolidated Cases were filed more than three years after Plaintiffs'

February 3, 2025
Page 3

claims accrued. 17 U.S.C. § 507. When Plaintiffs knew or in the exercise of reasonable diligence should have known about the alleged infringements will be a critical issue in resolving these cases, whether by trial, settlement or dispositive motion. Defendants' other defenses include, but are not limited to, Defendants' implied licenses to use Plaintiffs' alleged copyrighted works, Defendants' fair use of the disputed works, Plaintiffs' copyright misuse, and laches.

Furthermore, Defendants contend that Plaintiffs are not entitled to recover the combination of actual damages and statutory damages they seek, but instead must choose one or the other. 17 U.S.C. § 504(a). If Plaintiffs choose statutory damages, then they may only seek one award of statutory damages per work (*i.e.*, registered copyrights) that they claim have been infringed and may not recover statutory damages for any share of ownership that Plaintiffs do not individually hold. H.R. REP. 94-1476, 162, 1976 U.S.C.C.A.N. 5659, 5778.

  C.  **Statement of Jurisdiction and Anticipated Motions**

The Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338 because these actions arise under the Copyright Laws of the United States (17 U.S.C. §§ 101 et seq.). Plaintiffs allege that venue is appropriate under 28 U.S.C. §§ 1391 and 1400 because a substantial part of the events giving rise to their claims occurred in New York County and Defendants' actions caused injury in New York County.

The parties anticipate filing summary judgment motions on the issue of liability, and Defendants anticipate filing a motion for summary judgment on their statute of limitations defense. The parties further anticipate that there may be various discovery disputes that may require the Court's intervention, including a potential discovery dispute with third parties that possess information related to Defendants' statute of limitations defense.

**3. Deadline to Join Additional Parties or Amend Pleadings.**

The deadline to amend pleadings and join additional parties has expired in each of the Consolidated Cases, except for: *Artist Publishing Group, LLC et al. v San Antonio Spurs, LLC, et al.*, No. 24-cv-05466 (JHR) (BCM) (the "Spurs Case"). The deadline to join additional parties and amend pleadings in that case is currently February 12, 2025. In addition, Plaintiffs filed a request to amend their pleadings in the *Artist Publishing Group, LLC et al. v. Cavaliers Operating Company, LLC*, et al. Case No. 24-cv-05454 matter (Dkt. 36), and the *Artist Publishing Group, LLC et al. v. Minnesota Timberwolves Basketball Limited Partnership et al.* Case No. 24-cv-05458 matter (Dkt. 30). Those requests were made pursuant to the terms of each case's prior scheduling order. The requests remain pending because the cases were consolidated during that time period and were never ruled upon. Accordingly, Plaintiffs respectfully request the Court rule upon their requests to amend their pleadings. Defendants opposed the requests, and their opposition was filed in each matter.

Further, Plaintiffs seek to correct a naming issue for Plaintiff Kasz Money, Inc. which should be named Lukasz Gottwald doing business as Kasz Money Publishing. Defendant Orlando Magic stipulated to the change in the matter of *Artist Publishing Group, LLC et al v. Orlando*

February 3, 2025
Page 4

*Magic Ltd.*, Case No. 24-cv-05461 ("Orlando Magic Matter"). Plaintiff Kasz Money, Inc. seeks to make the same correction in the Consolidated Cases.

Due to the foregoing, Plaintiffs propose the pleadings remain open to amend and join parties in the Consolidated Cases until February 12, 2025.

Defendants oppose any attempt to re-open the amended pleading and joinder deadline in the Consolidated Cases other than the Spurs Case. However, Defendants do not oppose Plaintiff Kasz Money, Inc.'s request to correct its naming issue.

**4.    Proposed Discovery Schedule**

The parties propose the following discovery schedule:

a.   <u>Initial Disclosures</u>: the parties have exchanged Rule 26 initial disclosures in each of the Consolidated Cases. As such, no deadline for initial disclosures is required.

b.   <u>Service of Initial Discovery Requests</u>: the parties have served initial sets of requests for production and interrogatories in each of the Consolidated Cases, except for the Spurs Case. The parties propose that initial requests for production, interrogatories, and requests for admission in the Spurs Case be served by **February 26, 2025**.

c.   <u>Fact Depositions</u>: the parties propose that all fact depositions be completed by **May 27, 2025**.

d.   <u>Fact Discovery</u>: the parties propose that fact discovery be completed by **May 27, 2025**.

e.   <u>Expert Disclosures and Reports</u>: the parties propose the following expert disclosure schedule:

   i.   The Parties are to serve initial expert disclosures and accompanying reports by **June 9, 2025**.

   ii.  The Parties are to serve rebuttal expert disclosures and accompanying reports by **July 9, 2025**.

f.   <u>Close of Discovery</u>: the parties propose that all discovery, including expert discovery, be completed by **July 23, 2025**.

**5.    Limitations on Discovery**

The parties anticipate filing an Agreed Confidentiality and Protective Order to govern all of the Consolidated Cases and intend to meet and confer on the contents of same.

**6.     Anticipated Discovery Issues**

The parties are conferring with counsel for TuneSat, LLC regarding document subpoenas that were served by Defendants in the Consolidated Cases. If the parties are unable to reach an agreement, Defendants will request a discovery conference with the Court. The Parties advise the Court that certain issues pertaining to discovery from TuneSat, LLC were raised and ruled upon by Judge Rakoff in the Orlando Magic Matter.

**7.     Status Conference**

The parties propose that the Court set a scheduling conference for **April 25, 2025**, approximately 30 days prior to the proposed close of fact discovery.

**8.     Mediation and Settlement Conference**

The parties in each of the Consolidated Cases are currently set for mediation on February 4, 2025. Should the mediation prove unsuccessful, the parties propose that they be permitted to supplement this statement with a proposed date for the Court to refer the parties to a second mediation or to schedule a settlement conference with the Court, if necessary.

**9.     Proposed Captioning Convention**

The parties propose that the below case caption be used for coordinated motions and other filings that incorporate each of the Consolidated Cases:

*In re Kobalt Music Publishing America, Inc. Copyright Litigation*

Dated: February 3, 2025                                                         Respectfully submitted,

| | |
|---|---|
| */s/ Douglas L. Johnson* | */s/ Anna Kalinina* |
| JOHNSON & JOHNSON LLP | BARNES & THORNBURG LLP |
| Douglas L. Johnson | David S. Slovick |
| Frank R. Trechsel | 390 Madison Avenue, 12th Floor |
| 439 N. Canon Dr. Suite 200 | New York, New York 10017 |
| Beverly Hills, California 90210 | Telephone: (646) 746-2000 |
| Telephone: (310) 975-1080 | Facsimile: (646) 746-2001 |
| Facsimile: (310) 975-1095 | David.Slovick@btlaw.com |
| djohnson@jjllplaw.com | |
| ftrechsel@jjllplaw.com | Anna Kalinina *(admitted pro hac vice)* |
| | Texas Bar No. 24092605 |
| *Counsel for Plaintiffs* | Benjamin T. Pendroff |
| | New York Bar No. 5013982 |
| | 2121 N. Pearl Street, Suite 700 |
| | Dallas, TX 75201-2469 |

February 3, 2025
Page 6

                                            Telephone: (214) 258-4200
                                            Facsimile: (214) 258-4199
                                            Anna.Kalinina@btlaw.com
                                            bpendroff@btlaw.com

                                            William Craver (*admitted pro hac vice*)
                                            2029 Century Park East, Suite 300
                                            Los Angeles, CA 90067
                                            Telephone: (310) 284-3771
                                            Facsimile: (310) 284-3894
                                            wcraver@btlaw.com

                                            *Counsel for Defendants*

**BARNES & THORNBURG** LLP

February 3, 2025
Page 7

## CERTIFICATE OF SERVICE

Undersigned counsel hereby certifies that on this 3rd day of February, 2025, the foregoing document was served by electronic mail upon the counsel of record listed below:

Douglas L. Johnson
Frank Trechsel
Johnson & Johnson LLP
439 N. Canon Drive Suite 200
Beverly Hills, CA 90210
Telephone: 310-975-1080
Fax: 310-975-1095
Email: djohnson@jjllplaw.com
Email: ftrechsel@jjllplaw.com

Anthony Robert Motta
Anthony Motta
64 Fulton Street, Suite 305
New York, NY 10038
Telephone: 914-589-5356
Fax: 332-777-1875
Email: amotta@prodigy.net

                                                                           */s/ Anna Kalinina*
                                                                           Anna Kalinina